## George F. Towler, Appellee, v. Mt. Carmel Trust & Savings Bank, Appellant.

1. PRINCIPAL AND SURETY, § 17*—*when payment of interest is sufficient consideration for extension of time releasing surety.* Payment of legal interest on a debt, in advance, is a sufficient consideration to support an agreement for an extension of the time of payment thereof, and such payment of interest is of itself sufficient prima facie evidence of an agreement to extend the time of payment, and works the discharge of the surety.

2. PLEDGES, § 24*—*what constitutes release of collateral.* In an action against a bank to recover the amount of a certificate of deposit payable to the order of plaintiff, where there was controversy as to whether such certificate was deposited as collateral for the note of other parties, and where plaintiff contended that in any event the extension of the note without notice to him operated as a release of the collateral, *held* that assuming that the certificate was left as collateral security for the note, the extension of such note for a definite period for a valuable consideration operated as a release of the collateral.

3. BILLS AND NOTES—*when person not signing note is not liable as principal.* In an action against a bank to recover the amount of a certificate of deposit which the defendant claimed was deposited as collateral security for a note given by others, where plaintiff contended that by an extension of such note the collateral was released, and the defendant contended that under the Negotiable Instruments Act of 1907 plaintiff became liable as a principal, and that therefore he could not be released by reason of the extension of the note, *held* that the act had no application, as plaintiff did not sign the note either as principal or surety.

4. PLEDGES, § 24*—*when owner of certificate of deposit is not bound by agreement in note that extension of time of payment shall not release signers.* In an action against a bank to recover the amount of a certificate of deposit which the defendant claimed was deposited as collateral security for a note given by others, where defendant contended that because the note contained an agreement by all signers that no extensions of the time of payment of the principal by the receipt of interest, or otherwise, should release either of them, the collateral was not released by such extension, *held*, that plaintiff, not having signed the note either as principal or surety, was not bound by such agreement.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. Pledges, § 44*—*when evidence is sufficient to show that certificate of deposit was not pledged as collateral to note.* In an action against a bank to recover the amount of a certificate of deposit, evidence *held* sufficient to show that such certificate was not pledged as collateral to a note signed by other parties and held by defendant.

Appeal from the Circuit Court of Wabash county; the Hon. Julius C. Kern, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed June 18, 1917.

M. H. Mundy, P. J. Kolb and M. J. White, for appellant.

Howard P. French and Roscoe U. Barker, for appellee.

Mr. Presiding Justice McBride delivered the opinion of the court.

The appellee recovered a judgment against appellant in the Circuit Court of Wabash county for $986.14, and it is sought by this appeal to reverse such judgment.

It appears from the record in this case that on and prior to March 11, 1914, George F. Silas and Larkin Towler were engaged as partners in the dry-goods business at Mt. Carmel, Illinois; and that at and prior to that date the partnership was indebted to appellant for money borrowed in the amount of $1,500, for which appellant held the note of the firm of Towler Bros. and signed individually by the three brothers and by Blanche Towler, wife of Silas Towler, and it is also secured by Blanche Towler having deposited as collateral security to said note a certificate of stock of the face value of $1,000 of the City National Bank of Shawneetown, Illinois.

It further appears that George F. Towler became dissatisfied and desired to sell his interest in said busi-

ness to his brother Silas Towler, and the testimony of appellant and its witnesses tends to show that for the purpose of enabling Silas Towler to purchase George F. Towler's interest in said store, and for the purpose of releasing George F. Towler from the $1,500 note above referred to, that it was agreed by George to sell his interest in said business to Silas for $957.42, with the understanding that George was to be released from the partnership note of $1,500.

Appellant's testimony further tends to show that an agreement was entered into between Silas, George and the appellant that the appellant would loan to Silas the $957.42 to be paid to George and would release George from the payment of the $1,500 note, and take a new note therefor upon condition that George would deposit the $957.42 with appellant, taking a certificate of deposit therefor and leaving the same with appellant as security for the said note. It was further understood that said note was to be secured by the signature of the wife of Silas. The note was given, as claimed by appellant, and the money was placed in a certificate of deposit payable to George Towler and left with the bank as collateral security for this note, and the certificate was placed by appellant in an envelope and marked as collateral for this note. It is further claimed that the note has not been paid, and that appellant has a right to retain the same under said agreement.

The appellee upon his part denies that the certificate of deposit was left with appellant as collateral security for the note above mentioned, and denies that he had any arrangement whatever with appellant and Silas Towler with reference to leaving such certificate with appellant as security for said note. It further appears from the testimony of the witnesses for appellee that after the said note of $957.42 matured, that Silas Towler paid the appellant the interest thereon in advance,

and secured an extension of time for a definite period for the payment of this note, and that this was repeated upon several occasions thereafter, and claimed that by reason thereof the collateral, even if given as such, was released.

The declaration consists of several special counts appropriate to the form of action based upon the certificate of deposit that was made payable to the order of G. F. Towler twelve months after date on the return of this certificate properly indorsed, together with interest thereon. To this declaration the appellant filed the general issue, and also filed two special pleas, the first of which set up an agreement entered into by appellee with the appellant that if appellant would release him from all liability on the $1,500 note above referred to, and would loan Silas Towler the sum of $957.42 to enable him to purchase the interest of George F. Towler, that he, the plaintiff, would leave the certificate with appellant as security for the said note of Silas Towler, and avers that the note was executed by Silas Towler and Blanche, his wife, and that the certificate of deposit was issued to George F. Towler and turned over to appellant as collateral security for said note, and then avers that the note has not been paid and that the certificate of deposit has from that date to the present time, and still is, held by appellant. That by the second special plea it is averred that appellee placed the said certificate of deposit in the hand of appellant as collateral security to secure the payment of the above mentioned note of Silas Towler and his wife for the amount of $957.42, and then avers that the note has not been paid. Plaintiff joined issue upon the plea of general issue, and to the first special plea replied, denying having made any agreement with the defendant, as set forth in said plea; and to the second, by denying that he agreed that the said certificate of deposit might be retained by the defendant as in said

plea alleged; and third, by averring that after the time of leaving of said certificate of deposit as collateral security as set forth in said plea that said certificate of deposit was released by the defendant. A further replication was filed alleging that the said certificate of deposit has been by the defendant released from being liable as security for the payment of said note; and to these replications proper rejoinders were filed.

The real issues made by these pleadings are: First, did the appellee leave the certificate of deposit with the appellant as collateral security for the payment of the note of Silas and Blanche Towler? Second, if the certificate of deposit was left with appellant as collateral security, has the appellant, by its conduct, released such security?

In the argument presented by counsel for appellant, he first considers the question as to whether or not the extension of the note, as stated under the circumstances of the case, operated as a release of the certificate of deposit as a pledge, or as collateral security for the payment of the note.

It will be observed that the evidence upon both of the questions submitted for consideration was quite conflicting. If the testimony introduced by appellant was accepted by the jury as a true statement of the facts, then it would appear that the certificate of deposit was left as collateral security for the note in question, and counsel for appellant claims that if it was so left as security, that an extension of the time of payment of the $957.42 note of Silas Towler and wife, from time to time as disclosed by the evidence, would not operate as a release of the collateral security for the reason that the note was made for the accommodation of George F. Towler, and that he was thereby under the Negotiable Instruments Act and not entitled to notice of any extension or renewal of the note which was secured by the certificate of deposit as col-

lateral. Assuming that the certificate of deposit was left with appellant as collateral security, then there can be no question that the extension of the principal note for a definite period of time for a valuable consideration operated as a release of the collateral security.

"The payment of legal interest on a debt in advance is a sufficient consideration to support an agreement for an extension of the time of payment thereof, and such payment of interest by the principal is of itself sufficient prima facie evidence of an agreement to extend the time of payment and works the discharge of the surety." *English v. Landon,* 181 Ill. 619, and the authorities therein cited.

Indeed, counsel for appellant do not question this doctrine, but assert that under the Negotiable Instruments Act passed by the Legislature in 1907, that appellee by his contract as testified to by appellant became as a principal, and that his duties and obligations were those of the principal, and that he would not be released by reason of such extension without notice. He also insists that there was a clause in the note that provided as follows: "It is agreed by all signers of this note that no extension of payment to the principal by the receipt of interest, or otherwise, shall release us, or either of us, from the obligation of payment, and that as to the holder thereof all signers are principals"; but we do not believe that this statement in the note or the Negotiable Instruments Act has any binding force upon the appellee so as to make him liable as such principal for the reason that he did not sign the note in any way, either as principal or as surety. It is quite clear that the clause contained in the note could not be binding upon him, and the statute invoked is not binding, for section 17 (J. & A. ¶ 7657) thereof provides: "No person is liable on an instrument whose signature does not appear thereon, except

as herein otherwise expressly provided,'' and we find nothing in the statute referred to in this section that does expressly provide that one who has placed a collateral with a note assumes the obligations of a principal. Even if the certificate of deposit was held as collateral security and no contract is made to bind the owner of such collateral to any greater extent, we do not see how any law could be enacted binding the party beyond his contract, but we have examined the act and find nothing in it to create such liability.

It also appears from this record that this case was tried by the court upon the theory that if the loan in question was made to Silas Towler for the benefit of the plaintiff, that the plaintiff would not be released by any extension of the note by the payment of the interest, and appellant's fifth instruction given by the court was to this effect; the court also modified appellee's fourth instruction to conform to this idea, and the jury under these instructions necessarily found that no such an agreement was entered into.

The next question is, was the certificate of deposit left with appellant as collateral security for the note? The testimony of appellant tended to show that it was, and the testimony of appellee was contradictory of appellant's testimony and tended to show that it was not left with appellant as collateral security. There were some circumstances that tended to corroborate appellant, and others that tended to corroborate appellee, but this was after all purely a question of fact to be determined by the jury as to whether or not the certificate of deposit was placed with appellant as collateral security. The jury have found by its verdict that the appellant had no right to retain this certificate of deposit, and we know of no reason why its findings should be disturbed.

Appellant also claims that the court erred in its instructions to the jury in that it cast the burden upon

the defendant, when it was incumbent upon the plaintiff to prove by a preponderance of the evidence that the release had been effected. We do not so read these instructions. Instruction 5 given for the defendant plainly tells the jury that under the pleadings it devolves upon the plaintiff to prove by a preponderance of the evidence that the certificate of deposit in controversy was released as security for the note which it was deposited to secure. Complaint is made of appellee's fifth instruction in that it cast the burden of proof entirely upon the defendant. This was a general instruction with reference to notes or certificates of deposit, but the jury could not have been misled by it, as appellant's fifth and other instructions were specific with reference to this particular case, and specifically advised the jury that the burden of proof in this case was upon the plaintiff.

We cannot say from this record that the verdict of the jury was manifestly against the weight of the evidence, or that the court committed any error prejudicial to appellant, and seeing no reason for disturbing the findings of the jury and the judgment of the court, the judgment of the lower court is affirmed.

*Affirmed.*