OWEN COUNTY STATE BANK *v.* GUARD.

[No. 27,370.   Filed April 8, 1940.]

*Kivett & Kivett*, of Martinsville; and *Matt J. Murphy*, of Greencastle, for appellant.

*Willis Hickam*, of Spencer; and *Lyon & Abrams*, of Newcastle, for appellee.

SWAIM, J.—This was an action brought by the appellee to recover the proceeds of a certificate of deposit,

which was issued to her by the Citizens Bank of Freedom, Indiana, for the face amount of $1,000.00, and which was applied by the appellant, the successor of said Citizens Bank, to the payment of a note executed by Samuel R. Guard & Company, Inc.

According to the special finding of facts, the appellant, the appellee, Samuel R. Guard, the husband of the appellee, and said corporation entered into an agreement, on April 21, 1933, under the terms of which agreement the appellant loaned said corporation the sum of $2,000.00, evidenced by the promissory note of said corporation payable to the appellant thirty days after date. It was also agreed by and between the parties that there would be maintained on deposit in the appellant bank in the checking account of the corporation, the savings account of the corporation, in two checking accounts belonging to appellee's husband and in appellee's account represented by said certificate of deposit, an aggregate balance of $2,000.00, and that said note, when due, would be paid with a check drawn on the account of said corporation in the appellant bank; that if said note, at its maturity, *could not* be paid by check drawn on the funds of said corporation then on deposit with the bank, then a sufficient amount out of said other accounts would be turned over to the bank to pay said note.

A letter, dated April 12, 1933, written by Samuel R. Guard to the bank with the knowledge of appellee, "was accepted by all the parties as correctly expressing their agreement." No part of the money loaned by the appellant to said corporation was received by the appellee. On the same date that the above described loan was made to the corporation the appellee indorsed her said certificate of deposit, caused the same to be delivered to the appellant, and the appellant thereafter

held the same in its possession "pursuant to said agreement hereinabove found and for no other purpose."

Thereafter the time of payment of the loan to the corporation was extended from time to time upon the payment of the interest then due thereon. In making each such extension the old note was stamped "Paid" and delivered to the corporation and a renewal note executed by the corporation for the balance of the principal was accepted by the appellant. The last such renewal note was dated February 27, 1935, payable thirty days after date, for the principal sum of $1,175.00. This note was never paid by the corporation.

On May 8, 1935, said corporation had on deposit in its checking account in the appellant bank the sum of $1,467.17, "all of which money was owned by said corporation and had been deposited in said account by said corporation in the usual course of its business." On said date the said checking account of the corporation was sufficient to pay, in full, the principal and all accrued interest on said corporation note and still leave a balance of $266.51 in said account. The appellant also then held as collateral security for said note one share of bank stock worth $125.00, the property of the said Samuel R. Guard.

On said date without previous notice to, or demand upon, the appellee or on said corporation for the payment of said note out of the checking account of said corporation then on deposit in said bank, the appellant "in violation of its agreement with the plaintiff and said corporation, and with full knowledge of plaintiff's ownership of said certificate," cancelled the appellee's said certificate of deposit, stamped it "Paid," and applied the entire proceeds thereof, together with the proceeds from the one share of stock belonging to appellee's husband, to the payment in full of said cor-

poration's said note. The note was then stamped "Paid" and returned to the corporation with a letter notifying the corporation of the action taken by the appellant. Thereafter the appellee demanded of the appellant that it restore and reinstate her said certificate of deposit, which demand was refused by the appellant on the claim that it held the absolute ownership of the proceeds of said certificate of deposit.

On the finding of facts the court stated five conclusions of law, by which it concluded that the appellant's failure to procure any assignment or lien against the accounts of said corporation constituted a breach of the appellant's agreement with the appellee; that the appellant could not apply the certificate of deposit to the payment of said note without first demanding that sufficient funds from the various accounts covered by said agreement be turned over to the appellant to pay said note pursuant to the agreement between the parties; that the appellant's cancellation of said appellee's certificate of deposit and appropriation of the proceeds thereof was unlawful and without right and constituted a conversion thereof by the appellant and that appellee was entitled to recover from the appellant, on account of the conversion of her certificate of deposit, the total sum of $1,197.70 principal and interest.

The appellant has assigned as error each of the court's conclusions of law and the action of the court in overruling the motion for a new trial, which stated as reasons therefor that the decision of the court was not sustained by sufficient evidence, and was contrary to law.

The appellant admits that the appellee deposited $1,000.00 of her money in the appellant bank and procured therefor the certificate of deposit. Appellant admits that the certificate of deposit was the absolute

property of the appellee. It is also admitted that the note, to the payment of which the certificate was applied, was evidence of a loan to Samuel R. Guard & Company, Inc., in which loan the appellee had no direct interest and from the proceeds of which she received no direct benefit. It, therefore, follows that the appellant must look to the agreement between the parties for any right to cancel the certificate of deposit and to apply the proceeds thereof to the payment of the said note.

The appellant earnestly insists that the court should have found, as one of the special findings, that the appellant on May 8, 1935, held the certificate of deposit as collateral security for said debt. There is evidence in the record on which the trial court might have made such a finding. The evidence is not so conclusive, however, that this court can say as a matter of law that the certificate was held as collateral security for said debt. The court found on the evidence that the certificate was endorsed and delivered to the appellant to be held by it "pursuant to the agreement between the parties," and that the letter of April 12, 1933, from Samuel R. Guard to the appellant, stated the agreement between the parties. Said letter contained the following language:

"I realize very well that you have a problem of maintaining the liquidity of your bank and I would not impose upon you in any way to interfere with that. I propose, therefore, that you provide me with a line of credit equal to the bank balances which I am able to maintain in the various accounts under my control. These accounts will include—

Checking Account of Samuel R. Guard & Co.
Savings Account of Samuel R. Guard & Co.
Savings Account of Kathryn D. Guard.
Account of Breeder's Gazette Farm—and perhaps some others.

"If I can succeed in maintaining in my various accounts the balance of $2,000.00, then I think I should be entitled to borrow $2,000.00 from you for a period of 30 days with the understanding that the note will be paid in full on or before the day it is due. This borrowed money will also be maintained in our deposit account at the Citizens Bank and will be checked on for our payroll and other expense items.

"I would not think it necessary to actually pledge these accounts to a payment of the note because I expect to pay each of these notes with a check on the Citizens Bank drawn from the funds of Samuel R. Guard & Company. Nevertheless, if it should ever occur that I would not pay the note accordingly I would be perfectly willing to turn over sufficient fund to liquidate the note from these various accounts. It is an absolutely safe and sound proposal for you and it would certainly be an appreciated convenience to me."

It is to be noted that the above language first expresses the idea that the various accounts, including the account represented by the certificate of deposit, were to be maintained in the appellant's bank for the sake of the liquidity of the bank. The letter then expressly says that the writer "would not think it necessary to actually pledge these accounts to a payment of the note . . . ," and concludes with a statement that if it should ever occur that he "would not pay the note" he "would be perfectly willing to turn over" sufficient funds from these various accounts to liquidate the note. The language of this letter, standing alone, would certainly not authorize the appellant, without any demand on the corporation for payment, and without any notice to the appellee of its intention, to apply the certificate of deposit to the payment of said note.

The parties and their representatives testified as to what they understood the agreement between them to

be and as to the intention of the appellee in the ██ indorsement and delivery of the certificate to the appellant. Appellant places much emphasis on a letter later written by appellee's husband, dated May 3, 1934, in which he speaks of the appellant as having the savings account of the appellee as security to said loan. The evidence is conflicting as to whether the appellee saw this letter until after her certificate of deposit had been applied by appellant to the payment of the loan. While the statement of the husband of appellee furnished some evidence as to what the parties understood their agreement to be, his statement could not bind the appellee without a showing that he was authorized to speak for her. The appellee testified that it was her understanding that the bank would hold the certificate but not use it and that she never authorized anyone to apply the certificate to the note. Considering the letters of April 12, 1933, and of May 3, 1934, the endorsement and delivery of the certificate and the oral testimony most favorable to the appellee we cannot say that the finding of the court on the agreement between the parties is not sustained by sufficient evidence.

The appellant also contends that the trial court should have found that the account of Samuel R. Guard & Company, Inc., could not have been applied to ██ the payment of the note for the reason that said company was in bankruptcy at the time said note became due. The court found that on the day the certificate of the deposit was applied to the payment of the note the company had a balance in its checking account of a sum that was more than sufficient to pay the note in full; that said balance consisted of money which "was owned by said corporation and had been deposited in said account by said corporation in the

usual course of its business." Where deposits are received by a bank in the ordinary course of business before a petition in bankruptcy is filed the bank may set off debts due by the bankrupt against liability for such deposits in the bank. 8 C. J. S. 690, § 211 and cases there cited. There was not sufficient evidence herein to support a finding that the bank was prevented from applying the corporation account to its debt because of the bankruptcy of the corporation.

The appellant bank held only such rights or interests in the appellee's certificate of deposit as were granted by the agreement between the parties. Since the appellant, in violation of such agreement and without any notice to or consent by appellee, cancelled said certificate and applied the proceeds thereof to the corporation debt, it was guilty of the conversion of said certificate. The appellee might have sued on the certificate, on the theory that such cancellation was ineffectual, or for the conversion of the certificate. *Palmer* v. *Mutual Life Ins. Co. of New York* (1913), 121 Minn. 395, 141 N. W. 518.

Appellant insists that it was not required to apply the deposit of the corporation to the payment of the note when the note became due, and in support thereof cites *The Second National Bank of Lafayette* v. *Hill* (1881), 76 Ind. 223; *Patterson* v. *State Bank, etc.* (1913), 55 Ind. App. 331, 102 N. E. 880. In both of those cases collections from sureties were permitted after the banks had permitted the withdrawal of the deposits of the principals and the banks had only the sureties to look to for payment. In the instant case the account of the principal in the bank was more than sufficient to pay the note at the time the certificate of appellee was applied. Here failure to pay the note from the account of the debtor was more than passive

negligence on the part of the appellant; it was a breach of the contract between the parties. If this were a case of an ordinary pledge of appellee's certificate as security for the corporation's debt, as contended by appellant, equity and justice would have required that the note be paid out of the corporation's account. However, the contract of the parties, as found by the court, falls far short of showing an ordinary pledge of collateral security. Here the appellee's husband was to furnish sufficient funds to pay the note from the various accounts, including the account of the appellee, only in the event the note *could not* be paid by check drawn on the funds of the corporation then on deposit," and it was further agreed that the aggregate balance of $2,000.00 should be maintained in the various accounts. Under the terms of this agreement the appellant certainly was given no right to appropriate the funds of the appellee, without any demand or notice, when the funds of the corporation were more than sufficient to pay the debt.

Appellant earnestly contends that, even though the certificate of deposit was wrongfully converted, the appellee can only recover the difference between the value of the certificate and the unpaid balance of the debt. This is true where a debtor pledges his own property as collateral security to the debt, but where the property of a third person is held by the creditor, under an agreement such as we have in the instant case, a very different question is presented. One who, with the knowledge of the creditor, furnishes collateral to secure the loan of another stands in the relation of surety to the debtor and such collateral is released by any action of the creditor which would release a surety, such as the extension of the time of payment of the debt, the acceptance of a renewal

note, or the release of other security. *Eberhart* v. *Eyre-Shoemaker* (1922), 78 Ind. App. 658, 662, 134 N. E. 227; *Towler* v. *Mt. Carmel Tr. & Savings Bank* (1917), 206 Ill. App. 427; *Daviess County Bank & Tr. Co.* v. *Wright* (1908), 129 Ky. 21, 110 S. W. 361.

In the instant case there were special findings, supported by some evidence, on which the court might properly have based a conclusion that the action of the appellant had released the certificate of deposit even though the court had found that under the agreement of the parties the said certificate had been pledged as collateral security for the debt of the corporation.

The court's first conclusion of law was, "That the law is with the plaintiff and against the defendant in this case." This conclusion is a proper one, supported by the findings, and was sufficient upon which to base a valid judgment, therefore, the other conclusions may be disregarded. *Atlas Sec. Co.* v. *Ferrell* (1929), 88 Ind. App. 543, 549, 164 N. E. 709; *Klinger* v. *Ottinger* (1939), 216 Ind. 9, 22 N. E. (2d) 805, 808.

We find no reversible error.

The judgment is affirmed.

NOTE.—Reported in 26 N. E. (2d) 395.