**Larry KEESLING, Vivian Keesling, and Heritage Land Company, Appellants–Defendants,**

v.

**T.E.K. PARTNERS, LLC, et al., Appellees–Plaintiffs.**

No. 18A05–0707–CV–399.

Court of Appeals of Indiana.

March 6, 2008.

James E. Carlberg, George T. Patton, Jr., Carina M. De La Torre, Bose McKinney & Evans LLP, Indianapolis, IN, Attorneys for Appellants.

Paul L. Jefferson, Matthew S. Winings, Barnes & Thornburg LLP, Indianapolis, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Larry Keesling and Vivian Keesling ("the Keeslings") and Heritage Land Company ("Heritage Land") appeal from the trial court's in rem judgment in favor of T.E.K. Partners, L.L.C. ("T.E.K.") on T.E.K.'s complaint on a 1999 installment promissory note (the "original note") and to foreclose mortgages against the Keeslings and Heritage Land. The Keeslings and Heritage Land present three issues for our review:

1. Whether the trial court erred when it entered a final in rem judgment in the amount of $181,331.78.

2. Whether the trial court erred when it did not release a thirty-six-acre tract as collateral after the Keeslings and Heritage Land were discharged as sureties from their personal liability on the original note.

3. Whether the trial court erred when it ordered that the thirty-six-acre tract be sold first to satisfy the judgment.

We affirm in part, reverse in part, and remand with instructions.[1]

## FACTS AND PROCEDURAL HISTORY

We set out the facts and procedural history of this case in *Keesling v. T.E.K. Partners, L.L.C.*, 861 N.E.2d 1246, 1249–50 (Ind.Ct.App.2007) (*"Keesling I"*):

In January 1998, Heritage Land and M.G. Financial formed Heritage/M.G. for the purpose of developing a residential neighborhood known as Ironwood Estates in Delaware County. On May 25, 1999, Heritage/M.G. executed the original note to Peoples Bank and Trust Company, custodian for the James Henke, I.R.A. ("Henke I.R.A."), in the amount of $300,000 to partially finance the development. The final installment under the note was due June 1, 2001. The signatories to the original note were Green, both personally and on behalf of Heritage/M.G. and M.G. Financial; McMullen, both personally and on behalf of Heritage/M.G. and M.G. Financial; Larry Keesling, both personally and on behalf of Heritage Land; and Vivian Keesling. The original note was secured in part by a mortgage from Heritage Land to the Henke I.R.A. on a thirty-six acre tract.[ ]

Heritage/M.G. did not complete the payments under the original note by the June 2001 deadline. On January 3, 2002, the balance due on the note was $48,228.69. On February 1, 2002, without the Keeslings' knowledge or consent, R.M.G. Investment Group, L.L.C. ("R.M.G."), whose principals include Green and McMullen, purchased the original note from the Henke I.R.A. for $48,228.69, and the Henke I.R.A. assigned the original note and mortgage on the thirty-six acres to R.M.G.

Then, on May 24, 2002, R.M.G. assigned the original note and mortgage on the thirty-six acres back to the Henke I.R.A. In addition, without the knowledge or consent of the Keeslings or Heritage Land, Heritage/M.G. executed the second note to the Henke I.R.A. in the amount of $102,000. The second note provides in relevant part:

This Installment Note is subject to a Mortgage, Instrument Number 1999–21019–2–3 recorded in Delaware County on 5/26/99 in the amount of $300,000.00.

\* \* \*

This note and all extensions or renewals hereof are secured by a mortgage interest in real estate in Delaware County, State of Indiana, per "Exhibit A and Exhibit B" dated May 26th, 1999, and executed in favor of the payee(s) hereof by Heritage/M.G., L.L.C.

Appellants' App. at 54. Green and McMullen personally guaranteed the second note. No payments were ever made on the second note.[ ]

Accordingly, on September 2, 2004, 1st National Bank and Trust Company, as Custodian for the Henke I.R.A., filed an amended complaint[ ] for foreclosure of mortgages and judgment against the Keeslings, Heritage/M.G., Green, and McMullen. On October 25, 2004, the Henke I.R.A. assigned the mortgage and both the original note and the second note to T.E.K., and T.E.K. released Green and McMullen from any liability. On November 19, 2004, the trial court

1. We heard oral argument in this case on February 12, 2008.

entered an order substituting T.E.K. for 1st National Bank as plaintiff. Following a bench trial, the trial court entered judgment for T.E.K. and against each of the defendants. The trial court concluded in relevant part that:

5. T.E.K. is entitled to judgment against Heritage Land Company's 36–acres of real estate and Heritage/M.G. LLC 10–acres of real estate, in rem, and against the Defendants, Heritage/M.G. LLC, Thomas McMullen, Larry Keesling and Vivian Keesling, jointly and severally, in personam, in the sum of $365,905.07 plus $10,000 in attorney fees, for a total judgment of $375,905.07.

6. T.E.K. is also entitled to a judgment against Heritage/M.G. LLC in the sum of $324,728.74.

7. T.E.K. is entitled to an Order foreclosing the May 26, 1999 mortgages upon both the 10 and 36 acres of real estate and foreclosing and barring all Defendant's equities of redemption and interest in the real estate.

(Footnotes omitted).

In *Keesling I,* this court held and concluded as follows:

[T]he second note constitutes a material alteration of the original obligation. As such, the Keeslings and Heritage Land are discharged from their personal liability on the original note, and they have no liability for the additional sums advanced under the second note, which they did not sign. *See Yin,* 665 N.E.2d at 64. We reverse the trial court's judgment and remand with instructions to enter an in rem judgment against Heritage Land's thirty-six acre tract in the amount of $48,229.69, plus interest and a pro rata share of attorney's fees.

861 N.E.2d at 1254–55. That holding gave the Keeslings and Heritage Land the exact relief they requested. The Keeslings and Heritage Land did not request any relief from the trial court's judgment with regard to the ten-acre tract of land.

On remand to the trial court, following a hearing and pursuant to our instructions in *Keesling I,* the court made an Order Book Entry, which states in relevant part:

Larry Keesling, Vivian Keesling, and Heritage Land Company, as accommodation parties, are discharged from further personal liability on the original note and are not liable for the additional sums advanced under the second note, which they didn't sign. Court now directs that findings and judgment be entered accordingly.

The trial court also made the following entry:

The Court further enters in rem judgment against Heritage Land Company's thirty-six (36) acre tract in the amount of $48,229.69, together with interest. Parties are agreed that with 24% simple interest from February 1, 2002, to April 4, 2007, total judgment amounts to $108,102.09. Wherefore, the Court now enters in rem judgment against Heritage Land Company's thirty-six (36) acre tract in the total sum of $108,102.09, the same including 24% simple interest from February 1, 2002, to April 4, 2007.

Appellants' App. at 40–41. Thereafter, the parties stipulated that Heritage Land's pro rata share of attorney's fees was $25,000.

In the meantime, on May 3, 2007, the Keeslings and Heritage Land filed a motion to: "(1) Release and Terminate Appeal Bond; (2) to Determine that Collateral Pledged by Surety, Heritage Land Company, is Discharged; (3) to Determine the Order and Priority of Sales of Collateral of the Principal and Surety and Application of Proceeds; (4) to Determine and Protect Surety's Subrogation Rights; and (5) Objection to Plaintiff's Motion to Enforce Payment of Judgment Against Sure-

ty." Appellants' App. at 51. On June 27, the trial court issued an Order Book Entry providing in relevant part:

> 1. The 36–acre parcel is not discharged. The Indiana Court of Appeals remanded this cause with explicit instruction to enter an in rem judgment against Heritage Land's 36–acre tract in the amount of $48,229.69, plus interest and a pro rata share of attorney's fees. In this Court's orders of April 4 and May 7, 2007, the Parties agreed that with 24% simple interest from February 1, 2002, to April 4, 2007, and T.E.K. Partners, L.L.C.'s attorney fees of $25,000.00 added, the final in rem judgment amount against Heritage Land Company's 36–acre tract as of April 4, 2007, was $181,331.78. *Accordingly, this tract is to be sold first, and, if there is any deficiency, Plaintiff may proceed against the 10–acre tract.*
>
> 2. This Court notes the Indiana Court of Appeals accepted the trial court findings that Heritage/M.G.'s draws from Henke I.R.A. amounted to $362,000.00. Accordingly, T.E.K. Partners, L.L.C. remains entitled to recover $313,770.31, together with interest and attorney fees against Heritage/M.G., pursuant to this Court's judgment entered April 18, 2006. WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED BY THE COURT, that upon Plaintiff T.E.K. Partners, L.L.C.'s application for a Writ of Assistance, T.E.K. Partners, L.L.C. be granted an order directing the sale of the 36–acre and 10–acre tracts in accord with the findings herein.

Appellants' App. at 37–38 (emphasis added). This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Amount of Judgment

All parties and the trial court agree that the June 27, 2007, Order erroneously states the amount of the judgment. We remand to the trial court with instructions to correct that error by entering judgment in the amount of $133,102.09.

### Issue Two: Discharge of Collateral

■ The Keeslings and Heritage Land contend that the trial court erred when it did not discharge the thirty-six-acre tract as collateral. They maintain that because this court held in *Keesling I* that they do not have personal liability on the debt, their collateral is also released. In support of that contention, the Keeslings and Heritage Land cite to *Owen County State Bank v. Guard,* 217 Ind. 75, 26 N.E.2d 395, 398–99 (1940), where our Supreme Court held that a surety's collateral "is released by any action of the creditor which would release a surety[.]"

■ But after remand, the Keeslings and Heritage Land have asserted a position inconsistent with that which they previously maintained to the trial court and to this court. The Keeslings and Heritage Land initially argued to the trial court that they should not be personally liable for the debt, but that T.E.K. was entitled to a judgment against the thirty-six-acre tract. And in *Keesling I,* the Keeslings and Heritage Land requested that this court award T.E.K. "an in rem judgment against Heritage's 36–acres for the $48,229.69 debt ... with interest and a pro rata share of attorney's fees." Reply Brief at 18 (*Keesling I*). The Keeslings and Heritage Land cannot now argue that the thirty-six-acre tract must be released as collateral because that issue has been decided and is the law of the case. It is well-settled that "[a]ll issues decided directly or by implication in a prior decision are binding in all further portions of the same case." *Am. Fam. Mut. Ins. Co. v. Federated Mut. Ins. Co.,* 800 N.E.2d 1015, 1019 (Ind.Ct.App.

2004). The trial court did not err when it declined to discharge the thirty-six-acre tract as collateral.[2]

### Issue Three: Order of Sale

■ Finally, the Keeslings and Heritage Land contend that the trial court erred when it ordered that the thirty-six-acre tract be sold before the ten-acre tract. In particular, they assert:

> If the Guarantors' 36 Acre Surety Collateral is to be sold at all, then the 36 Acres should only be sold to satisfy any deficiency that remains on the Original Note after (1) the 10 Acre Primary Collateral posted by Heritage/M.G. has been sold first and (2) these sale proceeds are applied to the Original Note Balance first and are exhausted.

Brief of Appellants at 17. In support of that contention, the Keeslings and Heritage Land direct us to Indiana Code Section 34–22–1–4(a), which provides that where a court finds in favor of a surety on the question of suretyship, "the court shall make an order directing the sheriff to: (1) levy the execution, first upon the property of the principal; and (2) exhaust the property of the principal; before making a levy upon the property of the surety." T.E.K. agrees that the ten-acre-tract should be sold first, but disagrees that the proceeds from that sale must be applied first to the original note.

Sheriff's sales are conducted every day without special instructions from the trial courts that enter judgment. The general rule under Trial Rule 69 is that, *"Unless otherwise ordered by the court,* the sheriff or person conducting the sale upon execution shall not be required to offer it for sale in any particular order." Ind. Trial Rule 69(A) (emphasis added). The same rule applies to the foreclosure of mortgage liens. And in commercial transactions, it is not uncommon for the loan documents to provide that in the event of default the creditor shall have recourse to the collateral in any order, without priority. But in this case, the provision in Trial Rule 69(A) which states "unless otherwise ordered by the court" applies. In order to implement the judgment as modified by this court in *Keesling I,* both the order of sale and the allocation of proceeds must correlate with the respective liabilities of the parties and their collateral.

Heritage/M.G. is the principal debtor on the original note, and the ten-acre tract is the principal collateral for that debt. In *Keesling I,* we held that the Keeslings and Heritage Land were accommodation parties, or sureties, on the original note, and the thirty-six-acre tract is the "property of the surety." *See* Ind.Code § 34–22–1–4(a). Under Indiana Code Section 34–22–1–4(a), then, the ten-acre tract must be sold first, and the thirty-six-acre tract is to be sold only if the sale of the ten acres does not satisfy the debt on the original note. Also consistent with our holding in *Keesling I,* no proceeds from the sale of the thirty-six-acre tract may be applied towards satisfaction of the second note.

T.E.K. contends that the order of sale and allocation of proceeds issues were known and available but not raised in *Keesling I* and that those issues are waived. T.E.K. also contends that the trial court was strictly limited to the "sole remand instruction" to enter an in rem

---

**2.** Even if the trial court had erred, the Keeslings and Heritage Land would have invited that error when they requested relief in the form of an in rem judgment. *See Evans v. Evans,* 766 N.E.2d 1240, 1244 (Ind.Ct.App.

2002) (holding "a party may not take advantage of an error which she commits, invites, or which is the natural consequence of her own neglect or misconduct.").

judgment and nothing more. We cannot agree.

In *Keesling I*, we held that the Keeslings and Heritage Land were sureties and discharged them from personal liability. This limited T.E.K.'s recourse to the thirty-six-acre tract, which is "property of the surety." Thus, the order of sale and allocation of proceeds issues, as between the principal's ten-acre tract and the surety's thirty-six acre tract, did not arise until remand.

In every case on remand, this court assumes and anticipates that the trial court will conduct proceedings and will follow applicable law not inconsistent with our opinion. The trial court erred when it ordered that the thirty-six acre tract be sold first. Indiana Code Section 34–22–1–4(a) governs the order of sale of the two tracts under these circumstances. On remand, we instruct the trial court to issue an order that the ten-acre tract be sold first, that the proceeds from that sale be applied to the original note, that the thirty-six-acre tract be sold only if the sale of the ten-acre tract does not satisfy the debt on the original note, that no proceeds from the sale of the thirty-six acre tract be applied to the second note, and for proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded with instructions.

BAILEY, J., and CRONE, J., concur.