**STATE of Indiana,**
**Defendant-Appellant,**

v.

**Faye L. WILBUR, Administratrix of the Estate of Frederick L. Wilbur, Plaintiff-Appellee.**

No. 1–384A65.

Court of Appeals of Indiana,
First District.

Nov. 26, 1984.

Rehearing Denied Jan. 4, 1985.

Linley E. Pearson, Atty. Gen.; Ronald D. Buckler, Deputy Atty. Gen., Indianapolis, for defendant-appellant.

G. Terrence Coriden, Lawson Pushor Mote & Coriden, Columbus, Karl F. Walker, Rolfes Garvey Walker & Robbins, Greensburg, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The State appeals from the trial court's entry of a judgment for the plaintiff-appellee in the amount of $237,000 plus court costs of $1,122. We affirm in part and reverse in part.

## FACTS

Faye L. Wilbur (Wilbur), as administratrix of her husband's estate, filed a wrongful death action against the State on March 4, 1982. Frederick Wilbur died as a result of injuries he received in a two car collision. The accident occurred on a rainslicked state highway in November, 1980. In her complaint, Wilbur alleged that her husband's death was caused by the State's negligence in the: (1) design of the road; (2) failure to install guardrails or median barriers; (3) failure to post warning signs, and; (4) failure to establish proper administrative procedures.

On April 20, 1982, the State filed its Answer. As one of its defenses, the State contended that it was immune from liability under the Indiana Tort Claims Act.[1]  On

---

1. The Indiana Tort Claims Act is found in Indiana Code sections 34–4–16.5–1 to 34–4–16.5–19 (Burns Supp.1984). The specific provision relied upon by the State for its immunity claim is Indiana Code section 34–4–16.5–3 (Burns Supp. 1984), which states in part:

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

    . . . .

    (3) The temporary condition of a public thoroughfare which results from weather."

July 14, 1983, Wilbur propounded a series of interrogatories which requested, among other things, the facts and legal theories upon which the State intended to base its immunity defense. The State failed to respond to these interrogatories. Subsequently, Wilbur moved to strike several of the State's defenses including its claim of statutory immunity. The trial court, however, issued an order requiring the State to serve its answers to the interrogatories by October 28, 1983. In its order, the trial court specifically stated that if the State failed to serve its answers by that date, Wilbur's motion to strike would be granted. Inexplicably, the State ignored the trial court's order. On November 2, 1983, Wilbur renewed her motion to strike which the trial court then granted.[2] Apparently, the State never challenged the trial court's order.

At the conclusion of its case, the State tendered an instruction based on Indiana Code section 34-4-16.5-3(3). The trial court, however, refused to give the tendered instruction. Following a jury verdict for Wilbur, the trial court entered judgment and awarded costs against the State. The State now appeals.

### ISSUES

1. Whether the trial court properly refused an instruction setting out the State's statutory immunity under Indiana Code section 34-4-16.5-3(3).

2. Whether the trial court erred when it awarded costs against the State.

### DISCUSSION AND DECISION

*Issue One*

The State argues initially that it was error to refuse its tendered instruction concerning statutory immunity. In its briefs, the State contends that it was entitled to have the tendered instruction read because it was a correct statement of the law which was not adequately covered by the instructions actually given. Further, the State asserts that the issue of statutory immunity, under Indiana Code section 34-4-16.5-3(3), was tried by implied consent. Nowhere in its briefs does the State discuss the impact of the discovery sanctions imposed by the court prior to trial.[3] We believe, however, that the trial court's pretrial order is of critical import in this case. Thus, we turn to a brief discussion of discovery sanctions under the Indiana Rules of Procedure.

When a party refuses to serve answers to interrogatories, Indiana Rules of Procedure, Trial Rule 37(D) empowers the trial court to take a number of actions against the offending party. One of those potential actions is set out in Indiana Rules of Procedure, Trial Rule 37(B)(2)(c), which provides for: "(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Here, as a result of the State's complete failure to respond to Wilbur's interrogatories, the trial court entered an order striking some of the defenses interposed by the State, including its defense based on statutory immunity. Clearly the trial court had the power to enter such an order. The only remaining question, therefore, is what impact the trial court's order had on the issue of statutory immunity.

The law is well settled that a dismissal under Trial Rule 37 acts as an adjudication on the merits unless the order of

---

**2.** On this same day, the State finally served its answers to Wilbur's interrogatories. In response to Wilbur's request that it set out the facts and legal theories upon which it relied for their claim of immunity, the State replied simply that:

"Acts that are deemed discretionary, give rise to immunity. The Tort Claims Act speaks for itself."

Supp. Record at 22.

**3.** The State's briefs do not even hint at the existence of the trial court's order striking its immunity defenses. In fact, the transcript provided to this court by the State failed to include any of the documents related to the imposition of discovery sanctions.

the trial court expressly states that it is to be without prejudice. *Stebbins v. State Farm Mutual Automobile Insurance Co.,* (D.C.Cir.1969) 413 F.2d 1100, 1102, *cert. denied* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173; 4A J. Moore, Moore's Federal Practice § 37.03[2]. Although our extensive research has revealed no cases, either state or federal, which express an opinion on this particular issue, we see no reason not to apply the same rule of law to orders striking portions of pleadings. Thus, an order of the trial court striking portions of a party's pleadings for failure to comply with discovery requests serves as an adjudication on the merits of the issue or claim so struck unless the trial court's order specifically states that it is to be without prejudice. This rule is consistent with the effect given other sanctions available under Trial Rule 37(B)(2)(c). It is also consistent with the purposes justifying imposition of discovery sanctions.

There are three clearly discernable purposes underlying the discovery sanctions authorized by Trial Rule 37. *Cine Forty-Second St. Theatre v. Allied Artists,* (2d Cir.1979) 602 F.2d 1062, 1066. First, they aid in securing compliance with discovery requests and orders. *Id.* Secondly, they ensure that a party will not profit from its failure to comply. *Id.* Finally, they have a general deterrent effect helping to assure future compliance. *Id.* The rule laid down in this opinion advances each of these purposes. To that end, it promotes an effective discovery process under our rules.

■ The order issued by the trial court as a result of the State's consistent failure to serve answers to Wilbur's interrogatories operated as an adjudication on the merits of those defenses which were struck. Consequently, the trial court was precluded from reading an instruction based on the striken statutory immunity defense. No error occurred in this regard.

*Issue Two*

■ The State next argues that the trial court erred when it awarded costs against the State. We agree. Absent specific stat-

utory authority for their imposition, the State is not liable for ordinary court costs. *State v. Daily Express, Inc.,* (1984) Ind. App., 465 N.E.2d 764 (transfer pending); *State v. Ziliak,* (1984) Ind.App., 464 N.E.2d 929, 931 (transfer pending).

We affirm the judgment of the trial court except insofar as it awards costs against the State.

NEAL, P.J., and ROBERTSON, J., concur.