K.T.H., Appellant–Respondent,

v.

M.K.B., Appellee–Petitioner.

No. 49A02–9511–CV–666.

Court of Appeals of Indiana.

Sept. 13, 1996.

Michael A. Aspy, Cohen & Malad, Indianapolis, for appellant–respondent.

Pamela Carter, Attorney General, Jon Laramore, Deputy Attorney General, Indianapolis, for appellee–petitioner.

**OPINION ON REHEARING**

KIRSCH, Judge.

In *K.T.H. v. M.K.B.,* No. 49A02–9511–CV–666 (June 26, 1996), this court held that in a case brought under the Uniform Reciprocal Enforcement of Support Act ("URESA"),[1] the child was a necessary party in a proceeding requiring a paternity determination. On July 23, 1996, M.K.B. petitioned this court to reconsider its ruling. We grant the petition for rehearing and also write to clarify a matter raised in the original opinion regarding the application of IC §§ 31–6–6.1–1 to –21 ("Paternity Chapter").

**I. Child As A Necessary Party**

In *K.T.H.,* this court, *sua sponte,* addressed the issue of whether a child is a necessary party in a URESA proceeding where paternity must be determined. Relying on *In re H.J.F.,* 634 N.E.2d 551 (Ind.Ct. App.1994), this court held that because a child is a necessary party to a paternity proceeding, a case brought under URESA involving a paternity determination, had to show that a child was a party to the action. Slip op. at 7. Without such a showing, the judgment was void. Slip op. at 9.

We revisit our holding, however, in light of our supreme court's recent decision in *K.S. v.*

---

1.  IC 31–2–1–1 to –39.

*R.S.,* 669 N.E.2d 399 (Ind.Ct.App.1996). In *K.S.,* one of the issues that the court addressed was whether the failure to name the child as a party in a paternity action rendered the judgment void. 669 N.E.2d at 404. The court held that in such a case, the judgment would not be void per se but merely voidable and that such a judgment would not be res judicata as to the child. 669 N.E.2d at 404–05.

 Here, the trial court in *K.T.H.* made a finding of paternity based on testimony and the results of a blood test that revealed a 99.01% probability of paternity. Thereafter, the court entered judgment against the father and ordered him to pay child support. Applying *K.S.* to the present case, we reverse our previous decision in *K.T.H..* We now hold that because the judgment against the father was voidable rather than void per se, we reinstate the trial court's judgment, and note that it is not res judicata as to the child. *See K.S.,* 669 N.E.2d at 404–05 (citing *Kieler v. C.A.T. by Trammel,* 616 N.E.2d 34 (Ind.Ct.App.1993), *trans. denied; J.E. v. N.W.S., by S.L.S.,* 582 N.E.2d 829 (Ind.Ct.App.1991), *trans. denied* ).

## II.  Scope of the Paternity Chapter

M.K.B. also requests this court to clarify our discussion of the application of the Paternity Chapter to URESA actions. In *K.T.H.,* we stated that the Paternity Chapter was applicable to URESA actions involving paternity determinations. Slip op. at 9. As part of that discussion, we briefly cited the scope of the Paternity Chapter, noting that it provided the substantive law necessary to make determinations regarding paternity, custody, visitation and child support. Slip op. at 8. Nothing in that discussion was intended to expand the range of issues to be determined in URESA actions.

The scope of URESA actions is strictly limited to the establishment and enforcement of support duties, and, where necessary to achieve that purpose, a determination of paternity. Slip op. at 6 (citing IC 31–2–1–1). Because URESA is essentially a procedural

mechanism for the expeditious enforcement of support duties, the substantive law it relies on to make a paternity determination could only be found in the Paternity Chapter. Slip op. at 8. Therefore, we held that in URESA cases where a paternity determination was necessary, it had to be made pursuant to the Paternity Chapter.

 Although matters involving child custody and visitation may follow a paternity determination, these are all separate proceedings. *Compare* IC 31–6–6.1–2 (parties that may file paternity actions), –2.1 (notice of paternity actions); *with* IC 31–6–6.1–11 (custody determination), –12 (visitation rights). Therefore, given the fact that paternity determinations are different from both custody and visitation hearings, and the fact that URESA is statutorily limited to the establishment and enforcement of support obligations, URESA actions cannot involve matters of custody or visitation.[2] IC 31–2–1–1; *Egan v. Bass,* 644 N.E.2d 1272, 1274 (Ind.Ct.App.1994).

Rehearing is granted, and the judgment of the trial court is affirmed.

SULLIVAN and GARRARD, JJ., concur.

---

2.  The Uniform Child Custody Jurisdiction Act, IC 31–1–11.6–1 to –25 is analogous to URESA but was designed to discourage child abductions arising from custody disputes and to improve comity between states with regard to custody matters. *Ashburn v. Ashburn,* 661 N.E.2d 39, 40–41 (Ind.Ct.App.1996).