Ora WAGLE, Jr., Appellant–Respondent,

v.

Rose M. HENRY, Appellee–Petitioner.

No. 49A04–9610–CV–443.

Court of Appeals of Indiana.

May 22, 1997.

---

Michael W. Van Treese, Van Treese, Dakich, Baldwin & Earnest, Indianapolis, for Appellant–Respondent.

Pamela Carter, Attorney General, Jon Laramore, Deputy Attorney General, Indianapolis, for Appellee–Petitioner.

## OPINION

CHEZEM, Judge.

### Case Summary

Respondent–Appellant, Ora Wagle ("Wagle"), appeals the denial of his motion to dismiss. We affirm.

### Issue

Wagle presents two issues for our review, which we consolidate and restate as: whether Rose ("Rose") Henry's complaint under the Uniform Reciprocal Enforcement of Support Act ("URESA") was barred by principles of *res judicata*.

### Facts and Procedural History

Rose and Wagle were married, and subsequently divorced. In the decree of dissolution dated July 2, 1981, Wagle was ordered by the Owen County Circuit Court in Indiana to pay child support for his daughter who had been born just four months previously. Rose subsequently moved to Ohio. In November, 1993, Rose filed an action to collect child support under the URESA. There was evidence that Wagle was $17,423.00 in ar-

rears. In February, 1994, Rose transferred her URESA action to Indiana by filing a cause in the Marion County Circuit Court. Her action was dismissed pursuant to Ind. Trial Rule 37(B)(2)(c) for her failure to follow a court order of discovery. She refused to answer an interrogatory relating to the child's paternity. On August 4, 1995, Rose filed a second action to collect child support under the URESA. Wagle filed a motion to dismiss this action, arguing the claim was barred by *res judicata*. It is from the denial of that motion to dismiss that Wagle appeals.

### Discussion and Decision

██ Today's case presents an issue of first impression. We consider whether an action for enforcement of a child support obligation can be barred under principles of *res judicata* when a trial judge fails to specify whether a previous enforcement action was dismissed with prejudice and when the previous dismissal was ordered pursuant to Ind. Trial Rule 37(B)(2)(c). Because of the unique nature of a child support enforcement action, we hold that unless a trial court expressly states otherwise, such a dismissal is without prejudice and, therefore, a subsequent action may be filed in anticipation of securing the child support previously ordered by a court of competent jurisdiction.

██ Wagle's motion to dismiss was, in essence, a motion for judgment on the pleadings. A judgment on the pleadings pursuant to Ind. Trial Rule 12(C) is proper only when there are no genuine issues of material fact and the facts shown by the pleadings clearly entitle the movant to judgment. *Bell v. State Bd. of Tax Comm'rs*, 651 N.E.2d 816, 818 (Ind.Tax 1995). If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Trial Rule 56. Ind. Trial Rule 12(C); *Marsh v. Paternity of Rodgers by Rodgers*, 659 N.E.2d 171, 172 n. 1 (Ind.Ct. App.1995).

██ Here, Wagle designated evidence outside the pleadings for judicial consideration. Hearing was held on Wagle's motion to dismiss and both Rose and Wagle pre-sented evidence. While there is no transcript of the hearing, the Chronological Case Summary demonstrates that Wagle's motion and designated evidence was considered, as was Rose's testimony in opposition to Wagle's motion. Rose agreed at the hearing to allow blood tests on the child to establish Wagle's paternity. The issue of the child's paternity was central to the unanswered interrogatory, for which Rose's first claim under URESA was dismissed. To that extent, the reason for the prior dismissal had been remedied in the hearing. Although the validity of the dismissal of the first action is not before us today, we note that Rose's URESA action was for the collection of child support, incidental to a judgment which had already established the child's paternity. Rose's URESA action was merely a proceeding supplemental in an effort to enforce that judgment via collection of child support. Wagle's attempts in the URESA action to collaterally attack the dissolution judgment, which established paternity and ordered support, were inappropriate. We held in *K.T.H. v. M.K.B.*, 670 N.E.2d 118, 119 (Ind.Ct.App. 1996) that "Because URESA is essentially a procedural mechanism for the expeditious enforcement of support duties, the substantive law it relies on to make a paternity determination could only be found in the Paternity Chapter." Wagle did not rely on the paternity laws in his quest to determine paternity of the child. His proper course of action was to seek relief from the dissolution judgment pursuant to a motion to correct error, a direct appeal, and/or a motion for relief from judgment under Trial Rule 60(B)(8). *See, e.g., Fairrow v. Fairrow*, 559 N.E.2d 597 (Ind.1990) (setting out limitations on the use of Trial Rule 60 when paternity is challenged after the final decree of dissolution). Moreover, any URESA action which serves to examine paternity must include the child named as a party. *K.T.H.*, 670 N.E.2d 118. Failure to do so renders the judgment voidable and is not *res judicata* as to the child. *Id.* at 119. Thus, to the extent Wagle views Rose's URESA action as a forum for determination of paternity matters, the issue of *res judicata* is simply solved by joining the child as a party and resubmitting the

complaint, otherwise identical to the original complaint. However, because the issue of paternity or joining the child as a party is not before us today, we decline to examine further the ramifications of Wagle's introduction of the paternity issue.

■ Regardless of the procedural posture, the material facts in this case are not in dispute. When we are presented with questions of law, our standard on review of legal determinations is the same whether we consider a motion to dismiss or a motion for summary judgment. *Indiana & Michigan Elec. Co. v. Terre Haute Indus., Inc.*, 467 N.E.2d 37, 42 n. 2 (Ind.Ct.App.1984). We must determine whether the trial court erred in its application of the law. *Id.* We turn, then, to the issue of *res judicata.*

■ We held in *Scott v. Scott*, 668 N.E.2d 691, 699 (Ind.Ct.App.1996), that the principle of *res judicata* prevents the repetitious litigation of that which is essentially the same dispute. The doctrine of *res judicata* is divided into two distinct branches, claim preclusion and issue preclusion. *Progressive Casualty Ins. Co. v. Morris*, 603 N.E.2d 1380, 1382 (Ind.Ct.App.1992). The doctrine of *res judicata* bars the relitigation of a claim after a final judgment has been rendered, when the subsequent action involves the same claim between the same parties or their privies. *Marsh*, 659 N.E.2d at 172. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. *Hood v. G.D.H. by Elliott*, 599 N.E.2d 237, 239 (Ind.Ct.App. 1992); *In re Marriage of Moser*, 469 N.E.2d 762, 766 (Ind.Ct.App.1984). Issue preclusion bars the subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action. *J.D. v. E.W.*, 610 N.E.2d 289 (Ind.Ct.App.1993); *Sullivan v. American Cas. Co. of Reading, Pa.*, 605 N.E.2d 134, 137 (Ind.1992). Where issue preclusion applies, the previous judgment is conclusive only regarding those issues actually litigated and determined therein. *Hood*, 599 N.E.2d 237. This case deals with claim preclusion.

■ Four requirements must be satisfied for a claim to be precluded under that doctrine: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies. *Marsh*, 659 N.E.2d 171.

Wagle argues that Rose's second action for collection of child support should be barred by principles of *res judicata* because it mirrors the first action, which was dismissed for Rose's failure to comply with a discovery order. In support of this proposition, Wagle relies on the case of *Browning v. Walters*, 620 N.E.2d 28 (Ind.Ct.App.1993). However, that case dealt with a dismissal under Ind. Trial Rules 12(B)(6) and 41(E). The plaintiff's complaint was dismissed under Ind. Trial Rule 12(B)(6) for its failure to state a claim upon which relief could be granted because it was filed after the two year statute of limitations and did not state a valid cause of action. Such was not the case with Rose's complaint for enforcement of Wagle's child support obligation.

Wagle also relies on the case of *State v. Wilbur*, 471 N.E.2d 14 (Ind.Ct.App.1984), in support of that same proposition. *Cf. Bell v. Commonwealth Land Title Ins. Co., Inc.*, 494 N.E.2d 997 (Ind.Ct.App.1986), *trans. denied.* That court held, "The law is well settled that a dismissal under Trial Rule 37 acts as an adjudication on the merits unless the order of the trial court expressly states that it is to be without prejudice." *Id.* at 16–17. However, in support of that statement, the court relied only upon a 1969 federal D.C. Circuit case. Moreover, the issue before the *Wilbur* court was whether the sanction of striking part of a pleading serves as a dismissal with prejudice, and not, as in the case before us today, whether dismissal of an entire complaint pursuant to a failure to comply with a discovery order is a dismissal with prejudice or can serve as an adjudication on the merits. Now thirteen years after *Wilbur*, it is clear only that the law is not "well settled." There remains no case law in Indiana which would

answer this question of whether a dismissal such as the one Rose experienced with her first URESA action is a dismissal with prejudice.

Because the benefits from the child support enure to the child, and not to the parent who committed the procedural misstep which led to the dismissal, justice requires that we not view a dismissal of a complaint for failure to comply with discovery an adjudication on the merits, unless the trial court expressly states it as such. This treatment of child support claims in relation to Trial Rule 37 undoubtedly places such claims on a proverbial high ground, which is consistent with the expressed legislative and judicial goals concerning the collection of child support. Historically, child support and the collection thereof has been treated uniquely from other types of judgments. For example, our supreme court noted in *Pettit v. Pettit*, 626 N.E.2d 444, 446–47 (Ind.1993) (citations omitted):

> The Supreme Court of Florida has provided a particularly helpful discussion as to why child support obligations should be enforceable by contempt, even if reduced to a money judgment: Establishing a support decree as a money judgment does not destroy the decree as an order to pay support nor is the obligation reduced to an ordinary judgment debt enforceable only at law.... The purpose of the award remains the payment of support to the former spouse or the children regardless of its form.... A decree for support is different than a judgment for money or property: It is a continuing obligation based on the moral as well as legal duty of a parent to support his or her children.... Because of this difference, a judgment for support should be enforced by more efficient means than ordinary execution at law. To hold that such a judgment can be enforced only by execution at law would amount to depriving a support award of its

inherent power of enforcement by contempt.... The courts have a duty to provide an effective, realistic means for enforcing a support order, or the parent or former spouse for all practical purposes becomes immune from an order for support. In our view, this duty includes enforcement of a judgment of support by equitable processes of the court because a remedy at law that is ineffective in practice is not an adequate remedy.... For the same policy reasons, child support obligations are not dischargeable under the Bankruptcy Code.... The bankruptcy cases make clear that even child support obligations that have been reduced to a money judgment are nondischargeable.... Therefore, we hold that contempt is always available to assist in the enforcement of child support ... including orders to pay accrued arrearages and money judgments against delinquent parents for past due amounts. In so doing, we disapprove previous decisions which held that once a child support obligation was transformed into a money judgment, contempt was unavailable as a remedy.

Following this line of thought, we believe that a dismissal of an action to enforce child support is a dismissal without prejudice, unless the trial court expressly states otherwise. Our holding today is not inconsistent with the prior treatment of child support on other matters.

Affirmed.

SHARPNACK, C.J., and DARDEN, J., concur.