ATTORNEYS FOR APPELLANTS
Anthony W. Overholt
Maggie L. Smith
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Alan S. Townsend
George T. Patton, Jr.
Paul D. Vink
Indianapolis, Indiana

ATTORNEY FOR AMICI CURIAE
James W. Beatty
Indianapolis, Indiana

Indiana Builders Association
Indiana School Boards Association
Simon Property Group, Inc.
C.P. Morgan Communities, L.P.
The Broadbent Company
Duke Realty Corporation
R. H. of Indiana, L.P.
Platinum Properties, LLC
J. Greg Allen and Associates, LLC
REI Real Estate Services, LLC
Buckingham Properties, Inc.
Cedar Run Limited, Inc.
Michael J. Andreoli
James F. Beatty
Lee T. Comer
James A. Federoff
Charles D. Frankenberger
Steven D. Hardin
Michael J. Kias
Jack W. Lawson
Stephen D. Mears
Ronald R. Pritzke
Thomas Michael Quinn
Joseph Bumbleburg

_____

# In the
# Indiana Supreme Court

_____

No. 49S05-0511-CV-510

METRO. DEV. COMM'N
OF MARION COUNTY, ET AL.,

*Appellants (Defendants below)*,

v.

PINNACLE MEDIA, LLC,

*Appellee (Plaintiff below)*.

Appeal from the Marion Superior Court, No. 49D02-0201-PL-000078
The Honorable Kenneth H. Johnson, Judge

On Petition for Rehearing

**May 3, 2006**

**Sullivan, Justice.**

Pinnacle Media, LLC, has asked us to reconsider our opinion, <u>Metro. Dev. Comm'n of Marion County v. Pinnacle Media, LLC</u>, 836 N.E.2d 422 (Ind. 2005), in which we held that a change in the zoning ordinance of Marion County concerning billboard location permits was applicable to Pinnacle's plan to erect 10 billboards in Indianapolis. We grant rehearing to address the issues raised by Pinnacle and also those raised in an amici curiae brief.

We start by saying that both Pinnacle and amici read our opinion as constituting a dramatic change in land use law. It does not.

This case had its genesis in Pinnacle's plan to erect billboards in interstate highway rights-of-way in Marion County. Because those rights-of-way are owned by the State, Pinnacle applied to the state highway department for permits. These applications were filed on April 19, 2000. At the time the applications were filed, Marion County did not require billboard location permits for billboards erected in interstate highway rights-of-way, but it began formal consideration of an ordinance to that effect on April 26, 2000, and enacted the ordinance on July 10, 2000. Eleven months later, on June 18, 2001, the State approved Pinnacle's applications for 10 billboards.

Pinnacle offered our decision in <u>Knutson v. State ex rel. Seberger</u>, 239 Ind. 656, 160 N.E.2d 200 (1959) (on reh'g), as authority for why the Marion County ordinance should not be applied to its billboard project. In <u>Knutson</u>, we said that a zoning ordi-

nance could not be enacted with retroactive effect depriving a property owner of the right to a building permit in accordance with a zoning ordinance in effect at the time of the application for the permit. Knutson, 239 Ind. at 667, 160 N.E.2d at 201 (citing State ex rel. Fairmount Center Co. v. Arnold, 34 N.E.2d 777 (Ohio 1941)).

The key principle at stake in this case—the principal point debated in the parties' briefs in the Court of Appeals—is that changes in zoning ordinances are subject to any vested rights in the property. This principle is of constitutional dimension, as our original opinion makes clear, and we reaffirm it here. As noted, Knutson said that a zoning ordinance could not be enacted with retroactive effect depriving a property owner of the right to a building permit in accordance with a zoning ordinance in effect at the time of the application for the permit. Id. This is certainly so where a property owner has vested rights in the property, but Knutson suggested something more, namely, that the mere filing of a building permit was enough to create vested rights in the first place. We only overruled Knutson's "suggestion that having a building permit on file creates a vested right that cannot be overcome by a change in zoning law." Pinnacle Media, LLC, 836 N.E.2d at 428. The fundamental principle that changes in zoning ordinances are subject to any vested rights in the property remains in full force and effect.

In the first two sections of its Petition for Rehearing, Pinnacle argues that our original opinion's treatment of Knutson was incorrect and should be reversed. We will return to Knutson in a moment when we consider the amici brief. But our decision that Pinnacle was required to comply with the Marion County ordinance stands on grounds independent of our holding with respect to Knutson. "Regardless of Knutson's viability, we do not believe its rule is available to Pinnacle in this case." Id.

Simply put, we held that the Marion County ordinance was in effect 11 months before Pinnacle began construction, and so Pinnacle was subject to it. Id. at 429. While recognizing that local zoning ordinances can require billboard location permits along state highways, Br. of Appellee at 6 n.6, Pinnacle had argued that in this case its filing for State permits immunized it from the City's zoning change. We rejected that contention

3

on a number of grounds in our original opinion, Pinnacle Media, LLC, 836 N.E.2d at 429, and Pinnacle does not challenge that reasoning on rehearing. Rather, it contends that had it not been for "collusion" between the State and the City so that the City could "ambush[]" Pinnacle with the new ordinance, the State would have issued its permits in time for Pinnacle to have started construction of the signs—and thereby acquire vested rights—before the change in the law. Pet. for Reh'g at 13. Absent any citation to any evidence in the record supporting these "collusion" and "ambush" contentions, we are unable to grant Pinnacle relief on this basis.[1]

We now turn to the amici brief. It does not argue for Pinnacle's billboards. "Amici do not care whether the signs that Pinnacle has built stay or go." Amici Curiae Br. in Support of Appellee's Pet. for Reh'g at 6. Rather, it makes two basic points. First, it takes issue with our holding with respect to Knutson:

> In short, the "mere filing" for a permit as characterized by the Court is far from "mere." It invokes the expenditure of a tremendous amount of time, effort and money; however, as amici read the opinion of the Court, the property owner is not safe, even though he has spent a tremendous amount of money, time and effort. He is at the whim of the legislative or administrative body until such time as he actually starts construction.

Id. at 5 (citation omitted).

Respectfully, we believe the amici brief does not read our opinion correctly. Again, our opinion held only that Knutson's "suggestion that having a building permit on file creates a vested right that cannot be overcome by a change in zoning law." Pinnacle Media, LLC, 836 N.E.2d at 428. The point is that the focus is on whether or not vested rights exist, not whether some filing has been made with a government agency, a filing that might be purely ministerial and represent no material expenditure of money, time, or

---

[1] Recently Pinnacle submitted to us legislation enacted by the 2006 General Assembly, P.L. 49-2006, that it asks we apply in this case. Contrary to Pinnacle's contention, we see nothing in the legislation evidencing intent on the part of the Legislature that it have retroactive effect.

4

effort. We acknowledge, as perhaps our original opinion should have, that vested rights may well accrue prior to the filing of certain applications. (We saw no evidence of vested rights having accrued in the facts of this case and indeed it was Pinnacle's position that under Indiana law "mere application for a permit . . . grant[s] an applicant a vested right to have its application construed in accordance with existing law." Br. of Appellee at 15.) It is beyond the scope of this opinion, and unfair to future litigants, to respond to the hypothetical scenarios set forth in the amici brief, but we believe our original opinion establishes a basic framework for such analysis in future cases that will protect vested rights to the full extent the Constitution requires.

The second point made by the amici brief is that our decision allows "one governmental agency, whether local, state or federal, . . . the authority to hold the developer hostage until such time as a new ordinance or new regulation can be enacted by another governmental agency which prohibits the development that the developer intends to construct." Amici Curiae Br. in Support of Appellee's Pet. for Reh'g at 6. The amici brief illustrates this concern with a lengthy narrative (2-1/2 pages of the 9-page brief) about local opposition to a Wal-Mart store in Crown Point, Indiana. We make three brief points in response. First, we do not believe that our original opinion stands for the proposition that one governmental agency may hold a developer hostage for the benefit of another. As noted above, Pinnacle made no such assertion that that is what happened in this case until its petition for rehearing. Second, it is not clear to us which governmental agency is holding the Crown Point Wal-Mart developer hostage for the benefit of another. Third, although both amici and Pinnacle itself seem to contend that our original opinion will make it more difficult to develop Wal-Marts (id. at 7-9; Pet. for Reh'g at 3-4), we can only say that our opinion stands for the proposition that changes in zoning ordinances are subject to any vested rights. To the extent that a Wal-Mart developer—or any other property owner—possesses vested rights in property, those rights will be protected, as the Constitution demands.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.