ZINTER, Justice,
(concurring specially).
[¶ 30.] I concur and write to clarify when a retroactive application of zoning ordinances is impermissible.
[¶ 31.] The Court states that zoning laws may not be applied retroactively to deprive property owners of prior vested rights by preventing a use that was lawful before the enactment. See supra ¶ 25 (citing City of Marion v. Rapp, 2002 SD 146, ¶ 6, 655 N.W.2d 88, 90, for the proposition that zoning ordinances cannot be retroactively applied to deprive a person of vested rights). This rule, although simply stated, is difficult to apply. The difficulty arises in determining when a property owner acquires vested rights. The Indiana Supreme Court set forth the elements of vested rights in a billboard case.
As a general proposition, the courts have been willing to hold that the developer acquires a “vested right” such that a new ordinance does not apply retroactively if, but only if, the developer “(1) relying in good faith, (2) upon some act or omission of the government, (3) ... has made substantial changes or otherwise committed himself to his substantial disadvantage prior to a zoning change.”
Metro Dev. Comm’n of Marion County v. Pinnacle Media, L.L.C., 836 N.E.2d 422, 425-426 (Ind.2005) (citing John J. Delaney and Emily J. Vaias, Recognizing Vested Development Rights as Protected Property in Fifth Amendment Due Process and Takings Claims, 49 Wash U J Urb Contemp L 27, 31-35 (1996)) (other citation omitted), aff'd and explained on reh’g, Metro. Dev. Comm’n of Marion County v. Pinnacle Media, L.L.C., 846 N.E.2d 654 (Ind.2006). See also, 8 Patrick J. Rohan and Eric Damian Kelly, Zoning and Land Use Controls, ch 52D (discussing the concept of vested rights). The Indiana Supreme Court ultimately held that although construction of a structure was deemed sufficient to create vested rights, having a building permit on file did not necessarily create vested rights. Metro Dev. I, 836 N.E.2d at 428; Metro Dev. II, 846 N.E.2d at 656-657.
[¶ 32.] In this case, the amended ordinance added a new requirement that only a public body could request the public purpose exemption. See supra ¶ 6. However, that new provision could not be applied retroactively because construction of Epic’s signs started before the new ordinance was adopted. The law is well settled that construction generally meets the vested rights test. “Structures in the course of construction at the time of the enactment or the effective date of the zoning law are exempt from the restrictions of the [new] ordinance.” Metro Dev., 836 N.E.2d at 426.