PINNACLE MEDIA, L.L.C.,
Appellant–Plaintiff,

v.

METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY and the Department of Metropolitan Development of the City of Indianapolis, Appellees–Defendants.

No. 49A04–0608–CV–424.

Court of Appeals of Indiana.

June 28, 2007.

Alan S. Townsend, Paul D. Vink, Bose McKinney & Evans LLP, Indianapolis, IN, Attorneys for Appellant.

Anthony W. Overholt, Maggie L. Smith, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

## STATEMENT OF THE CASE

Pinnacle Media, L.L.C. ("Pinnacle") appeals from the trial court's order denying its motion to amend its complaint in Pinnacle's declaratory judgment action against the Metropolitan Development Commission of Marion County and the Department of Metropolitan Development of the City of Indianapolis (collectively "the City"). Pinnacle raises two issues on appeal, which we restate as:

1. Whether res judicata bars Pinnacle's proposed amended complaint.

2. Whether the trial court erred when it refused to apply Indiana Code Section 36–7–4–1109 to the claims raised in Pinnacle's amended complaint.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Our Supreme Court set out the relevant facts in *Metropolitan Development Commission of Marion County v. Pinnacle Media, L.L.C.*, 836 N.E.2d 422, 423–25 (Ind.2005) ("*Pinnacle I*"), *superseded by and adhered to in Metropolitan Development Commission of Marion County v. Pinnacle Media, L.L.C.*, 846 N.E.2d 654 (Ind.2006) ("*Pinnacle II*"), as follows:

Pinnacle Media, [L.L.C.], erects and leases advertising billboards. In July, 1999, after some period of discussion, the City of Indianapolis advised Pinnacle in writing that the City's billboard location permit regulation did not apply with respect to billboards proposed to be erected in interstate highway rights-of-way because those rights-of-way were not covered by the City's zoning ordinance.

Pinnacle thereupon embarked on a plan to erect billboards without applying to the City for a permit. Its plan consisted of three steps. First, it would lease land

for this purpose from Hoosier Heritage Port Authority, an entity that owned abandoned railroad rights-of-way at points where the abandoned railroad rights-of-way intersected with or were otherwise coextensive with interstate highway rights-of-way. Second, it would seek permits from State government, specifically, the Indiana Department of Transportation ("INDOT"), which is responsible for interstate highways. Third, it would erect the billboards without seeking any approval from the City. Following this plan, Pinnacle erected two billboards in 1999, after leasing rights-of-way and obtaining INDOT permits.

Shortly thereafter, Pinnacle initiated efforts to erect 15 additional billboards by securing additional leases and submitting additional applications to INDOT. The last of these applications was submitted on April 19, 2000. A period of negotiation with the State followed during which INDOT initially denied all 15 of the applications. Pinnacle appealed the denials and ultimately entered into a settlement with the State. Well over a year later, on June 18, 2001, INDOT approved 10 of the applications and Pinnacle abandoned its request for the other five in accordance with the settlement.

Meanwhile, following the erection of the two initial billboards, the City reexamined its policy in respect to excluding interstate highway rights-of-way from the coverage of its zoning ordinance. On April 26, 2000, the City officially proposed an amendment to this effect to its zoning ordinance. Pinnacle and other interested parties received notice of the proposed amendment on April 28, and were given the opportunity to appear at a public hearing on the matter on May 17. On July 10, 2000, the City–County Council enacted into law an amendment to the zoning ordinance, assigning zoning classifications to the previously un-zoned land occupied by interstate highways. Indianapolis/Marion County Rev.Code §§ 730–100 through – 103. This had the effect of making the City's billboard location permit applicable to billboards proposed to be erected in interstate highway rights-of-way.

Following receipt of the INDOT approvals in 2001, Pinnacle began erecting one of the billboards. The City issued a stop work order on grounds that Pinnacle had not obtained the permit for the billboard required by the amended zoning ordinance. Pinnacle ceased construction and subsequently filed suit against the City, seeking a declaration that the amendment to the zoning ordinance was inapplicable to the 10 permits and that the stop work order was void and unenforceable. The City filed a motion to dismiss, which the trial court denied, and both parties subsequently filed for summary judgment. The trial court granted summary judgment in favor of Pinnacle and also concluded that Pinnacle was entitled to attorney fees because the City engaged in "frivolous, unreasonable, or groundless litigation." Appellant's App. at 9–10. The Court of Appeals affirmed the determination of the trial court that the amendment to the zoning ordinance was inapplicable to the 10 permits but reversed the trial court on the attorney fees issue. *Metro. Dev. Comm'n v. Pinnacle Media, LLC,* 811 N.E.2d 404, 414 (Ind.Ct.App.2004).

The Supreme Court granted the City's petition for transfer. The court rejected Pinnacle's arguments that the "vested rights rule" set out in *Knutson v. State ex rel. Seberger,* 239 Ind. 656, 160 N.E.2d 200 (1959), applied to Pinnacle's case and, as a result, that the City's amended ordinance could not be applied retroactively to Pinna-

cle's billboard construction sites. Instead, the court held that *Lutz v. New Albany City Plan Commission,* 230 Ind. 74, 101 N.E.2d 187 (1951), governed. In *Lutz,* our Supreme Court held that there are no vested rights "where no work has been commenced, or where only preliminary work has been done[.]" *Pinnacle I,* 836 N.E.2d at 428 (quoting *Lutz,* 101 N.E.2d at 190). As a result, the Supreme Court reversed the trial court's decision and remanded the case to the trial court with instructions to grant the City's motion for summary judgment. *Pinnacle I,* 836 N.E.2d at 429–30.

On December 5, 2005, Pinnacle petitioned for rehearing. While that petition was pending, the Legislature enacted Indiana Code Section 36-7-4-1109, which codified the common law announced in *Knutson.* Accordingly, Pinnacle asked the Supreme Court to apply the newly-enacted statute in considering its petition for rehearing. On May 3, 2006, the Supreme Court granted rehearing but adhered to its prior decision. *Pinnacle II,* 846 N.E.2d at 655–56. In particular, the court rejected Pinnacle's argument that the decision in *Pinnacle I* constituted a "dramatic change in land use law." *Pinnacle II,* 846 N.E.2d at 655. The court clarified that it had "only overruled *Knutson's* 'suggestion that having a building permit on file creates a vested right that cannot be overcome by a change in zoning law.'" *Id.* Further, the court rejected Pinnacle's request that the court apply Indiana Code Section 36-7-4-1109 to the case, noting that there was "nothing in the legislation evidencing an intent on the part of the Legislature that it have retroactive effect." *Id.* at 656 n. 1.

On May 5, 2006, upon remand, Pinnacle filed in the trial court a motion for leave to amend the complaint

> to raise, among other things, the following claims: (a) whether Pinnacle is entitled to equitable relief given that the [Zoning Ordinance] Amendment was specifically and purposefully enacted for the purpose of defeating Pinnacle's otherwise lawful land use [1]; (b) whether Pinnacle is entitled to equitable relief given that INDOT arbitrarily denied Pinnacle fifteen (15) applications for sign permits, thereby forcing Pinnacle to engage in lengthy and time[-]consuming appeals; (c) whether Pinnacle is entitled to equitable or other relief given that the [City] and INDOT worked in concert to delay the resolution on Pinnacle's fifteen (15) applications for sign permits so that the [City] could have sufficient time to enact the [Zoning Ordinance] Amendment [1]; (d) whether Pinnacle is entitled to equitable or other relief given that, but for the [City's] interference and INDOT's arbitrary decision to deny Pinnacle's fifteen (15) applications for sign permits, Pinnacle would have started construction on the outdoor advertising signs in a manner that complies with the new vested rights rule announced by the Indiana Supreme Court in *Metro. Dev. Comm'n of Marion County v. Pinnacle Media, LLC,* 836 N.E.2d 422, 428–29 (Ind.2005); (e) whether Pinnacle is entitled to declaratory relief given that Indiana law (Senate Bill 35) now provides that the issuance of a permit application is governed by the laws in effect at the time the permit application was filed; and (f) whether Pinnacle is entitled to declaratory relief because [of] the manner in which the [Zoning Ordinance] Amendment was allegedly enacted....

Appellee's App. at 178–79 (footnotes omitted). The trial court denied Pinnacle's motion to amend the complaint and, pursuant to the Supreme Court's instructions on remand in *Pinnacle I* and *Pinnacle II,* entered summary judgment on the complaint in favor of the City. Pinnacle now appeals.

## DISCUSSION AND DECISION

### Issue One: Motion to Amend Complaint

Pinnacle contends that the trial court abused its discretion when it denied Pinnacle's motion to amend the complaint to assert "other claims that have not been adjudicated, fully developed, or asserted." Appellant's App. at 178. " 'Amendments to the pleadings are to be liberally allowed in order that all issues involved in a lawsuit are presented to the jury.' " *Hendrickson v. Alcoa Fuels*, 735 N.E.2d 804, 818 (Ind.Ct.App.2000) (quoting *Fleming v. International Pizza Supply Corp.*, 707 N.E.2d 1033, 1036 (Ind.Ct.App.1999), *trans. denied* ). However, "the trial court has broad discretion in granting or denying amendments to the pleadings and we will reverse only upon a showing of abuse of discretion." *Id.* (citation omitted).

Pinnacle's original complaint asserted claims under the vested rights rule set out in *Knutson.* And in its motion to amend the complaint, Pinnacle asked leave to assert claims under the "new vested rights rule" announced in *Pinnacle I.* Appellant's Brief at 9. In essence, Pinnacle contends that it should be permitted to assert claims that it alleges did not exist prior to the Supreme Court's decision in *Pinnacle I.*

Contrary to Pinnacle's assertions, the Supreme Court's decision in *Pinnacle I* did not announce a new vested rights rule. The court expressly states in *Pinnacle II* that *Pinnacle I* does not constitute a dramatic change in land use law. 846 N.E.2d at 655. The rule applied in *Lutz* and its progeny existed separately from the rule applied in *Knutson* for approximately fifty years. And while our Supreme Court "overruled *Knutson's* 'suggestion that having a building permit on file creates a vested right that cannot be overcome by a change in zoning law[,]' " the court upheld the "fundamental principle [in *Knutson* ]

that changes in zoning ordinances are subject to any vested rights in the property[.]" *Pinnacle II*, 846 N.E.2d at 655–56. But, more importantly, our Supreme Court held that the rule in *Knutson* does not apply to the circumstances of this case.

As such, the City contends that Pinnacle is barred from amending its complaint by the principle of res judicata, which prevents the repetitious litigation of that which is essentially the same dispute. *See Wagle v. Henry*, 679 N.E.2d 1002, 1005 (Ind.Ct.App.1997). The doctrine of res judicata is divided into two distinct branches, claim preclusion and issue preclusion. *Id.* Claim preclusion bars the relitigation of a claim after a final judgment has been rendered, when the subsequent action involves the same claim between the same parties or their privies. *Id.* When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. *Id.* Four requirements must be satisfied for a claim to be precluded under that doctrine: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies. *Wagle*, 679 N.E.2d at 1005.

Here, our Supreme Court ordered the trial court to enter summary judgment in favor of the City and against Pinnacle on all issues, which the trial court did on May 15, 2006. Thus, the first two elements of claim preclusion have been satisfied. Further, it is evident that the "new" issues Pinnacle seeks to assert in its proposed amended complaint were, or could have been, determined in the prior action. Pin-

nacle maintains that its amended complaint will assert exceptions to the "new rule that an applicant for a building permit does not obtain a vested right unless and until construction is commenced." Reply Brief at 7.

■ But Pinnacle misconstrues the holding in *Pinnacle I.* There is no bright-line rule that construction must have commenced in order to show a vested right. As our Supreme Court explained:

> Respectfully, we believe the amici brief does not read our opinion [in *Pinnacle I*] correctly. Again, our opinion held only that *Knutson's* "suggestion that having a building permit on file creates a vested right that cannot be overcome by a change in zoning law is overruled." The point is that *the focus is on whether or not vested rights exist, not whether some filing has been made with a government agency, a filing that might be purely ministerial and represent no material expenditure of money, time, or effort.* We acknowledge, as perhaps our original opinion should have, that *vested rights may well accrue prior to the filing of certain applications.* (We saw no evidence of vested rights having accrued in the facts of this case and indeed it was Pinnacle's position that under Indiana law "mere application for a permit ... grant[s] an applicant a vested right to have its application construed in accordance with existing law.")

*Pinnacle II,* 846 N.E.2d at 656–57 (emphases added). Thus, our Supreme Court reiterated that the existence of a vested right is fact-dependent, and the court noted that there is no evidence in the record to show a vested right in this case.

We hold that the issues Pinnacle asserts in its proposed amended complaint seeking to establish that it had a vested right were, or could have been, determined in the original action. Our Supreme Court's opinion in *Lutz* and its progeny have been in existence for more than fifty years. Pinnacle opted to rely on *Knutson,* but Pinnacle could have also made arguments based on *Lutz.* Pinnacle might well have presented evidence other than the permit application to show a vested right.[1] In other words, a claim based on *Lutz* could have been litigated.

Finally, because the parties are the same, the fourth element of claim preclusion is also satisfied. Res judicata bars Pinnacle's proposed amended complaint. The trial court did not err when it denied Pinnacle's motion to amend its complaint.

### Issue Two: Indiana Code Section 36–7–4–1109

■ Pinnacle also contends that the trial court erred when it "refus[ed] to permit Pinnacle to amend its Complaint to raise a claim pursuant to Ind.Code § 36–7–4–1109." Brief of Appellant at 23. That statute provides that a permit application shall be governed for at least three years by the statutes, ordinances, rules, development standards, and regulations in effect and applicable to the subject property when the application was filed. But Pinnacle brought that new legislation to the attention of our Supreme Court on rehearing, and the court declined to apply the new statute to Pinnacle's claim.

> In particular, our Supreme Court stated:
> Recently Pinnacle submitted to us legislation enacted by the 2006 General Assembly, P.L. 49–2006 [Indiana Code Section 36–7–4–1109], that it asks we apply

---

1. Expenses incurred before a permit application may typically include the costs associated with leases, options, and land purchases, as well as surveying, engineering, site planning, and rezoning.

in this case. Contrary to Pinnacle's contention, we see nothing in the legislation evidencing intent on the part of the Legislature that it have retroactive effect. *Pinnacle II*, 846 N.E.2d at 656 n. 1.

■■■ The law-of-the-case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the court on appeal in any subsequent appeal involving the same case and substantially the same facts. *Luhnow v. Horn*, 760 N.E.2d 621, 625 (Ind.Ct.App. 2001). The purpose of the doctrine is to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court. *Id.* Accordingly, under the law-of-the-case doctrine, relitigation is barred for all issues decided "directly or by implication in a prior decision." *Id.* However, where new facts are elicited upon remand that materially affect the questions at issue, the court upon remand may apply the law to the new facts as subsequently found. *Id.*

Because Pinnacle has already asked our Supreme Court to apply Indiana Code Section 36–7–4–1109 in this case, and the court has declined to do so, the issue has been resolved. Pinnacle does not direct us to "new facts" found since remand to warrant revisiting the issue. The trial court did not err when it did not apply the statute in this case.

Affirmed.

RILEY, J., and BARNES, J., concur.