**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Jun 04 2012, 8:32 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**BRUCE D. BRATTAIN**
**MARIO GARCIA**
Brittain & Minnix
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**SCOTT A. WEATHERS**
The Weathers Law Office, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| R. BRUCE WALLACE, | ) |
| | ) |
| Appellant-Respondent, | ) |
| | ) |
| vs. | ) No. 49A04-1111-CC-665 |
| | ) |
| ALLIANCE ENVIRONMENTAL, INC. and | ) |
| RUTH BROWN, | ) |
| | ) |
| Appellee-Petitioner. | ) |
| | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
Cause No. 49D10-0501-CC-441

**June 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

In our previous opinion in this case, we reversed the trial court's award of damages to Ruth Brown for R. Bruce Wallace's breach of fiduciary duty and remanded with instructions for revising the amount. The trial court recalculated the damages, and Wallace filed a motion to correct errors, which was denied. He now appeals that denial, contending that on remand the trial court failed to follow the specific instructions given by this Court in calculating the damages he owed. We find that the trial court properly calculated damages in accordance with our remand instructions and therefore affirm.

## Facts and Procedural History

Alliance Environmental, Inc. was an environmental architectural engineering and consulting services company. Wallace was its President and CEO, and Brown was a minority shareholder beginning in November 2002. In 2005, Wallace negotiated a sale of Alliance's assets. Also in 2005, Alliance sued Brown to recover funds that it loaned to Brown in 2003 that had yet to be repaid. Brown filed a third-party complaint, alleging that she was entitled to a portion of the proceeds of Alliance's asset sale and that Wallace had breached the fiduciary duty that he owed her as a shareholder.

After a bench trial, the trial court entered judgment in the amount of $90,000 in favor of Brown. Brown filed a motion to correct errors, which was denied. Brown appealed, and a panel of this Court reversed and remanded with specific instructions: the trial court was to consider what compensatory damages were due to Brown as a result of Wallace's breach of fiduciary duty and offset that number "by her financial gain resulting from Alliance's failure to repay the $75,000 loan from Wallace to Alliance and Alliance's failure to pay Wallace certain compensation in accordance with the

2

agreement." *Brown v. Alliance Envtl. Inc.*, No. 49A02-0909-CV-854, slip op. at 4 (Ind. Ct. App. July 16, 2010). The certain compensation included both Wallace's back-wages dating to 1994 and certain deferred compensation. *Id.* This Court also found that the trial court's finding that Brown owned twelve percent of the common stock of Alliance was clearly erroneous. *Id.* at 5.

On remand, the trial court found that Brown had a 2.7% ownership interest in Alliance. It also adopted a report prepared by Kevin L. Petrow, CPA, as to the amount of damages caused by Wallace's breach of fiduciary duty. The report concluded that the total damages were $1,583,754.62, the amount of the outstanding loan to Wallace was $190,000, and Wallace's deferred compensation was $138,503.42. After deducting the loan and deferred compensation, the trial court found the total damages to be $1,255,742.62 and Brown's 2.7% share to be $33,528.33. The trial court accordingly entered judgment against Wallace in the amount of $33,528.33. Wallace filed a motion to correct errors, which was denied.

Wallace now appeals.

**Discussion and Decision**

Wallace raises one argument on appeal, which we restate as whether the trial court abused its discretion in denying his motion to correct errors. Wallace contends that the trial court failed to properly follow specific instructions from this Court on remand. A trial court has considerable discretion to grant or deny motions to correct error. *Young v. Ind. Dep't of Natural Res.*, 789 N.E.2d 550, 554 (Ind. Ct. App. 2003), *trans. denied*. We review the trial court's ruling on a motion to correct errors for an abuse of discretion. *Id.*

Since this Court has previously entered an opinion on this case, the law of the case doctrine applies. The law of the case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts. *Dutchmen Mfg., Inc. v. Reynolds*, 891 N.E.2d 1074, 1082 (Ind. Ct. App. 2008) (citing *Pinnacle Media, LLC v. Metro. Dev. Comm'n of Marion Cnty.*, 868 N.E.2d 894, 901 (Ind. Ct. App. 2007), *trans. denied*), *trans. denied*. The purpose of the doctrine is to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court. *Id.* (citing *Luhnow v. Horn*, 760 N.E.2d 621, 625 (Ind. Ct. App. 2001)). Accordingly, all issues decided directly or by implication in a prior decision are binding in all further portions of the same case. *Id.* (citing *Keesling v. T.E.K. Partners, LLC*, 881 N.E.2d 1025, 1029 (Ind. Ct. App. 2008)).

In our previous opinion issued in this case, we instructed the trial court to only consider financial losses resulting from Alliance's loans during the time that Brown was a shareholder. On remand, the trial court found that this amount was $1,583,754.62. This amount was indicated in the Petrow report, Appellant's App. p. 67, which was conducted by a Certified Public Accountant who had access to all of Alliance's financial records when writing the report. While we acknowledge that we also received evidence in the record that showed that Alliance's losses during this time could have been $300,529.93 less, *id.* at 123, 160, 137, 144, the Petrow report was prepared after a "review of financial and other records of Alliance Environmental, Inc." *Id.* at 64. All of the debts included in the $1,583,754.62 amount were properly determined by the Petrow report to have been incurred when Brown was a shareholder of Alliance, *id.* at 42, and we

4

will not reweigh the evidence on appeal. The Petrow report was adopted by the trial court, so we find that the amount of total damages that the trial court calculated on remand, therefore, was in compliance with the instructions articulated in our previous opinion.

We also find that the trial court was correct in finding that the outstanding loan to Wallace and his deferred compensation should be deducted from Brown's total damages. However, the trial court incorrectly labeled the two amounts – the amount of the outstanding loan is $138,503.42, and the deferred compensation is $190,000. *Id.* at 63. But since the amounts are correct and just labeled incorrectly, this error is harmless.

Finally, we find that the trial court's determination that Brown had a 2.7% ownership interest in Alliance was in compliance with our remand instructions. We found the previous finding that Brown held a 12% interest in Alliance to be clearly erroneous. Brown owned sixty shares of Alliance stock, and there were a total of 2250 shares of stock. *Brown*, No. 49A02-0909-CV-854, slip op. at 2. On remand, the trial court correctly calculated this to be a 2.7% interest in the corporation.

We therefore affirm the trial court's denial of Wallace's motion to correct errors and affirm the entry of judgment in favor of Brown in the amount of $33,528.33.

Affirmed.

CRONE, J., and BRADFORD, J., concur.

5