## MEMORANDUM DECISION

## ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2020, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Staton
Caryn Nieman-Szyper
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tyrone Burns,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 21, 2020

Court of Appeals Case No.
19A-CR-2943

Appeal from the
Cass Superior Court

The Honorable
James K. Muehlhausen, Judge

Trial Court Cause No.
09D01-1712-F6-496

**Kirsch, Judge.**

[1] Tyrone Burns ("Burns") appealed his conviction after a jury trial of receiving stolen auto parts as a Level 6 felony, raising the issue of whether the State presented sufficient evidence to support his conviction. In a memorandum decision, we affirmed his conviction. *Burns v. State*, No. 19A-CR-2943, 2020 WL 3526008 (Ind. Ct. App. June 30, 2020). Burns has petitioned for rehearing requesting that this court reconsider its decision because we inadvertently erred in reciting the applicable statute when affirming his conviction. We grant rehearing for the limited purpose of correcting this mistake and reaffirm our previous decision in all other respects.

[2] Burns was convicted of receiving stolen auto parts pursuant to Indiana Code section 35-43-4-2.5. *Appellant's App. Vol. II* at 12. That statute set out that a "person who knowingly or intentionally receives, retains, or disposes of a motor vehicle or any part of a motor vehicle of another person that has been the subject of theft commits receiving stolen auto parts, a Level 6 felony." Ind. Code § 35-43-4-2.5(c) (2017). On appeal, Burns argued that the State had failed to present "substantial evidence of probative value" that he knew he was driving a stolen car. *Appellant's Br*. at 4. In affirming his conviction in our memorandum decision, we found that the evidence presented at trial was sufficient to prove his knowledge that the car was stolen and to support his conviction. *Burns*, 2020 WL 3526008 at *3. However, in making this determination, we inadvertently set out the incorrect statutory language for the charged crime and mistakenly stated that the crime with which Burns was charged required proof of a prior conviction:

> In order to convict Burns of Level 6 felony receiving stolen auto parts as charged, the State was required to prove that Burns knowingly or intentionally received the vehicle with the intent to permanently deprive the owner of any part of its value or use, that the vehicle was worth at least $750 and less than $50,000, and that Burns had prior unrelated convictions of theft, conversion, or receiving stolen property. Ind. Code § 35-43-4-2.5(c).

*Burns*, 2020 WL 3526008 at *2. Although the citation to the quoted language is the correct citation to the Indiana Code for Burns's charged crime, the statutory language came from Indiana Code section 35-43-4-2(a)(1) rather than from Indiana Code section 35-43-4-2.5(c). *See* Ind. Code § 35-43-4-2(a)(1) (setting out the elements necessary to support a conviction for Level 6 felony theft).

[3] Indiana Code section 35-43-4-2.5(c) was repealed and replaced with Indiana Code section 35-43-4-2(a)(1) on July 1, 2018. Pub. L. No. 176-2018 § 7 (2018) (repealing I.C. § 35-43-4-2.5). Because Burns committed his offense on December 17, 2017, he was properly charged, and convicted, of receiving stolen auto parts under Indiana Code section 35-43-4-2.5(c), which does not require the State to provide proof of a prior conviction to support a Level 6 felony. Therefore, it is clear from a review of the record that this court mistakenly set out the statutory elements for Indiana Code section 35-43-4-2(a)(1) rather than the statute at issue. We, therefore, correct our opinion to reflect that the correct statutory language for the crime of which Burns was charged and convicted provides that a "person who knowingly or intentionally receives, retains, or disposes of a motor vehicle or any part of a motor vehicle of another person

that has been the subject of theft commits receiving stolen auto parts, a Level 6 felony." Ind. Code § 35-43-4-2.5(c) (2017).

[4] This mistake did not change our analysis of whether the State presented sufficient evidence to prove that Burns knew he was driving a stolen car and to sustain his conviction for receiving stolen auto parts as a Level 6 felony. Contrary to Burns's assertion, this error did not change the "law of the case," and he is not entitled to a reversal of his conviction on this basis. *Appellant's Pet. For Reh'g* at 6-7. The law-of-the-case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the court on appeal in any subsequent appeal involving the same case and substantially the same facts. *Dutchmen Mfg., Inc. v. Reynolds*, 891 N.E.2d 1074, 1082 (Ind. Ct. App. 2008) (citing *Pinnacle Media, L.L.C. v. Metro. Dev. Comm'n of Marion Cty.,* 868 N.E.2d 894, 901 (Ind. Ct. App. 2007), *trans. denied*), *trans. denied*. The purpose of the doctrine is to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court. *Id.* Accordingly, all issues decided directly or by implication in a prior decision are binding in all further portions of the same case. *Id.* To invoke the law-of-the-case doctrine, the matters decided in the earlier appeal must clearly appear to be the only possible construction of an opinion. *Id.* at 1082-83. Therefore, questions not conclusively decided in the earlier appeal do not become the law of the case. *Id.* (citing *Hanson v. Valma M. Hanson Revocable Trust,* 855 N.E.2d 655, 662 (Ind. Ct. App. 2006)). Moreover, statements that are not necessary in the determination

of the issues presented are dicta, are not binding, and do not become the law of the case. *Id.*

[5] Here, although the incorrect statutory language was set out, there was no "determination of a legal issue" regarding whether Burns had a prior conviction for theft, conversion, or receiving stolen property because he was not charged as such. *Appellant's App. Vol. II* at 12. That issue was not presented to the jury and was not presented on appeal. The only issue before this court on appeal was whether the State had presented sufficient evidence to prove that Burns knew the vehicle was stolen, and we concluded that the evidence presented a trial established that he knew the vehicle was stolen and that the State had met its burden. *Burns*, 2020 WL 3526008 at *2-*3. The fact that we inadvertently set out the incorrect statutory elements did not constitute the determination of a legal issue and did not change the "law of the case." We, therefore, reject Burns's argument that his conviction should be reversed and reaffirm his conviction.

[6] Affirmed on rehearing.

Najam, J., and Brown, J., concur.